CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC - 6 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY DARNELL GRAVES, ) | Civil Action No. 7:16-cv-00466 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| HAROLD CLARK, ) | By: Hon. Jackson L. Kiser | |
| Respondent. ) | Senior United States District Judge | |

Gregory Darnell Graves, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court conditionally filed the petition, advised Petitioner that the petition appeared to be untimely filed, and granted Petitioner the opportunity to explain why the petition was timely filed. Petitioner has responded, and this matter is ripe for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, I deny Petitioner's motion to appoint counsel and dismiss the petition as time barred.

I.

The Circuit Court of the City of Danville sentenced Petitioner on May 4, 2000, to forty years' imprisonment after Petitioner pleaded guilty to statutory burglary, attempted sodomy, and attempted rape. Petitioner did not file an appeal to the Court of Appeals of Virginia.

On February 27, 2014, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition as untimely on April 20, 2014. Petitioner filed the instant federal petition no earlier than August 24, 2016. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

II.
A.

A habeas petitioner does not have a constitutional right to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of

right, and no further."). The court may appoint counsel to a habeas petitioner if the court "determines that the interests of justice so require. . . ." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner argues that he needs counsel because he allegedly received ineffective assistance of counsel and needs help investigating his claim. However, nothing in the record presently indicates that Petitioner is unable to proceed pro se or that the matter is so difficult to require the appointment of counsel. Accordingly, the interests of justice do not require the appointment of counsel at this time, and the motion to appoint counsel is denied.

## B.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, 562 U.S. 545, 552 (2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

showing of timeliness after the court notifies the petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in June 2000 when the time expired for Petitioner to note an appeal from the Circuit Court of the City of Danville to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition more than three years later in February 2014. Because the one-year federal statute of limitations had already expired by the time Petitioner filed his state habeas petition, statutory tolling is not permitted. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive a period of limitation that had already expired).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that

3

prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Moreover, Petitioner does not establish a basis to excuse his three year delay in pursuing relief after counsel allegedly failed to initiate an appeal to the Court of Appeals of Virginia. Accordingly, Petitioner filed his federal habeas petition more than one year after the convictions became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus as time barred pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 6th day of December, 2016.

Senior United States District Judge